**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

   **vs.**                                           **6:11-cv-01491**
                                                          **(MAD/ATB)**

**NANCY LAVADA,**

                **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**        **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On December 20, 2011, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint and accompanying exhibits.[1] Defendant is a resident of Fulton County, New York. *See* Dkt. No. 1 at ¶ 1. Defendant

---

[1] Defendant has not appeared in this action.

executed a promissory note to secure a Direct Loan (the "Loan") from the United States Department of Education. *See* Dkt. No. 1-1. On April 22, 1997 and October 2, 1997, the loan was dispersed in two payments of $4,255.70 and $4,638.99 respectively. *See id.* Thereafter, on July 5, 2001, Defendant requested consolidation of her loans. *See id.* According to the "Federal Direct Consolidation Loan Verification Certificate," Defendant's interest rate was 8.25%. *See id.*

On January 9, 2012, Plaintiff served its complaint on Defendant. *See* Dkt. No. 3. As of the date of this Memorandum-Decision and Order, Defendant has not filed an answer to Plaintiff's complaint.

On January 30, 2012, Plaintiff filed a request for entry of default. *See* Dkt. No. 4. On February 2, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6. On February 3, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7.[2]

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's

---

[2] Although Plaintiff moved for an entry of default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, which allows the Clerk of the Court to enter judgment when the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation," the Court finds that, as will be discussed, Plaintiff's motion is more appropriately treated as a motion for entry of default pursuant to Rule 55(b)(2).

default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a).  "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted).  "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Intern.*, 655 F. Supp. 2d at 189 (citation omitted).  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson*, 2008 WL 2519894, at *3.  "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Intern.*, 655 F. Supp. 2d at 189 (citation omitted).  "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In the present matter, Plaintiff has established through its complaint and attached exhibits that it is entitled to judgment in its favor.  Plaintiff, however, has failed to provide the Court with sufficient supporting documentation as to the amount of damages actually owed.  For example, Plaintiff claims that the principal balance owed is $11,989.89.  *See* Dkt. No. 7 at 6.  The loan

3

consolidation form Plaintiff submitted with it's complaint, however, provides that the outstanding principle as of July 5, 2001 was $4,255.70 and $4,638.99, which totals $8,894.69. Even when the Court adds the "Interest thru Certification Date" ($560.93 and $611.59), and the "Collection Costs" ($891.08 and $971.36), which are included on the loan consolidation form, the total due as of that date was $11,929.65. *See* Dkt. No. 1-1. As such, it is unclear how Plaintiff has come to the conclusion that the outstanding principal owed is $11,989.89.

Moreover, Plaintiff claims that it is entitled to an interest rate of 6.88% on the principal, and that the total interest accrued is $7,326.95. *See* Dkt. No. 7 at 6. The only document that Plaintiff submitted which provides an interest rate, however, states that the interest rate on the Loan is 8.25%. *See* Dkt. No. 1-1. As such, Plaintiff has not provided any support for its assertion that it is entitled to an interest rate of 6.88% on Defendant's Loan.

Finally, Plaintiff asserts that it is entitled to recover from Defendant the statutory "Fee for Service and Travel, per 28 U.S.C. Sec. 1921" of $25.00. *See* Dkt. No. 7 at 2. Plaintiff, however, has failed to provide any explanation or documentation to support this request for fees. *See United States v. Zdenek*, No. 10-CV-5566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011) (citation omitted).

Based on the foregoing, the Court finds that Plaintiff has failed to meet its burden in establishing that there is a basis for the damages it has claimed. Accordingly, the Court directs Plaintiff to submit a supplemental memorandum, accompanied by an affidavit and evidence that establishes that it is, in fact, entitled to the damages claimed.[3]

---

[3] In order to establish its entitlement to the damages claimed, Plaintiff is directed to submit a Certificate of Indebtedness, a full promissory note, disbursement history, demand for payment, evidence of the date of default, and evidence of the amount of the loan applied for and actually received. *See United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *1-*2 (E.D.N.Y. July

(continued...)

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED as to liability** and **DENIED as to damages**; and the Court further

**ORDERS** that Plaintiff shall submit a supplemental memorandum, accompanied by an affidavit and evidence substantiating its claimed damages within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested and docket the returned receipt within **THREE (3) DAYS** of its return; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 18, 2012
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3](...continued)
14, 2011). Plaintiff is directed to submit this evidence within twenty (20) days of the filing date of this Memorandum-Decision and Order.

5