**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

  vs.                                         **6:11-CV-01491
                                                   (MAD/ATB)**

**NANCY LAVADA,**

                      **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**          **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On December 20, 2011, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant Mary Lavada ("Defendant") defaulted on a promissory note. *See* Dkt. No. 1 at 2. On May 18, 2012, this Court entered a decision granting default judgment with respect to liability, but denying the demanded relief with leave to reapply for damages. *See* Dkt. No. 8 at 5. Currently before the Court is Plaintiff's motion for determination of damages. *See* Dkt. No. 11 at 3.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint, motion for determination of damages, and accompanying exhibits.[1] Defendant is a resident of Fulton County, New York. *See* Dkt. No. 1 at 1. Defendant executed a promissory note to secure a Direct Loan from the United States Department of Education. *See* Dkt. No. 1-1. On April 22, 1997 and October 2, 1997, the loan was disbursed in two payments of $4,255.70 and $4,648.99 respectively. *See id.*

Thereafter, on July 5, 2001, Defendant requested consolidation of her loans. *See id.* Defendant executed a promissory note to secure a Direct Consolidation Loan on July 7, 2001. Dkt. No. 11 at 10. On August 7, 2011, the loan was disbursed in two payments of $5,742.34 and $6,247.55, at an interest rate of 6.875% per annum. *See id.* Defendant has not posted any credits toward the balance of the loan since it was disbursed. *Id.*

On January 9, 2012, Plaintiff served its complaint on Defendant. *See* Dkt. No. 3. As of the date of this Memorandum-Decision and Order, Defendant has not filed an answer to Plaintiff's complaint.

On January 30, 2012, Plaintiff filed a request for entry of default. *See* Dkt. No. 4 at 1-2. On February 2, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

On February 3, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.[2] *See* Dkt. No. 7 at 1. On May 18, 2012, this

---

[1] Defendant has not appeared in this action.

[2] Although Plaintiff moved for an entry of default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, which allows the Clerk of the Court to enter judgment when the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation," the Court found that Plaintiff's motion was more appropriately treated as a motion for entry of default

2

Court issued an Order granting Plaintiff's motion for default judgment with respect to liability, but denying Plaintiff's request for damages. *See* Dkt. No. 8 at 4-5. Plaintiff was instructed to submit a supplemental memorandum, accompanied by an affidavit, with evidence substantiating the damages claimed. *Id.* at 5.

## III. DISCUSSION

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible [to] mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

---

judgment pursuant to Rule 55(b)(2).

In order to establish its entitlement to the damages claimed, Plaintiff was directed to submit specific documentary evidence sufficient "to ascertain the amount of damages with reasonable certainty." *United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, at *2 (E.D.N.Y. July 14, 2011); *see also* Dkt. No. 8 at 4–5. "[A] document containing both the borrower's signature and the amount of the loan applied for and disbursed" may serve as a basis for an award of damages. *See Linn*, 2011 WL 2848208, at *3. In addition, damages have been awarded "relying solely on Certificates of Indebtedness." *United States v. Zdenek*, No. 10-CV-5566, 2011 WL 6754100, at *2 (E.D.N.Y. Dec. 22, 2011).

In the present matter, Plaintiff has provided a signed promissory note, a Certificate of Indebtedness (the "Certificate") from the U.S. Department of Education, and a Federal Direct Consolidation Loan Verification Certificate ("Loan Verification Certificate") in support of the damages claimed. *See* Dkt. No. 11 at 7-11. The promissory note was executed by Defendant on or about July 9, 2001, with the intention of securing a Direct Consolidation Loan from the U.S. Department of Education. *See id.* at 7-9. The loan was disbursed on August 7, 2001, in two payments of $5,742.34 and $6,247.55, at an interest rate of 6.875% per annum. *See id.* at 10. According to the Certificate, as of June 22, 2012, $8,303.95 in interest had accrued on the loan, with $11,989.89 remaining in principal, for a total debt of $20,293.84. *See id*.

As discussed above, a Certificate of Indebtedness may serve as the basis to justify an award of damages without further evidence. *See Zdenek*, 2011 WL 6754100, at *2; *Robertson*, 2009 WL 2519894, at *3. With the additional support of the promissory note and the signed Loan Verification Certificate, Plaintiff has clearly established through its motion and attached exhibits that it is entitled to judgment in its favor in the amount of $20,293.84. *See* Dkt. No. 11 at 7-11.

4

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest, which it has sought here. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

In addition to the principal and interest on the loan, Plaintiff seeks $25.00 for the cost of service of process. An award of costs is proper when the Government is a party to the action. *See* 20 U.S.C. § 1091a(b)(1); 28 U.S.C. § 2412a(1)-(2). As such, the Court awards Plaintiff the requested costs in the amount of $25.00. *See United States v. Washington*, No. 08-CV-5083, 2009 WL 6636862, at *3 (E.D.N.Y. Dec. 14, 2009).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for determination of damages is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amounts:

    (1) unpaid principle and prejudgment interest of $20,293.84;

    (2) post-judgment interest accruing at the statutory rates as discussed above; and

    (3) costs in the amount of $25.00 for service of process; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: December 5, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge